**FILED**

**February 17, 2017**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0677 – *State v. J.E.*
No. 16-0723 – *State v. Z.M.*

WALKER, J., concurring

Joining in the majority in these consolidated juvenile matters brings to mind a quote attributed to Justice Antonin Scalia: "If you're going to be a good and faithful judge, you have to resign yourself to the fact that you're not always going to like the conclusions you reach. If you like them all the time, you're probably doing something wrong." In fact, I do not care at all for the result in this case. However, I agree with my colleagues in the majority because it is the legally correct result.

The first certified question submitted to us by the Circuit Court of Webster County is whether a juvenile who was adjudicated delinquent can be required, upon reaching the age of eighteen, to register under the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 through -10 (the "Act"). We answer this question in the negative and find that the phrase "any person who has been convicted of an offense" in § 15-12-2(b) of the Act does not include a juvenile who has been adjudicated delinquent.[1] As thoroughly explained by the majority, our precedent and the statute at issue are clear on this point.

As a result, the two juvenile offenders in this case cannot be required by the circuit court to register as sex offenders pursuant to the Act. One admitted to first degree

---

[1] My primary concern relates to our response to the first certified question in these consolidated cases. Our response to the second certified question relating to public disclosure under West Virginia Code § 49-5-101(g) of the name and identity of juveniles adjudicated or convicted of a violent or felonious crime is not similarly troubling.

sexual abuse and pled no contest to attempted second degree sexual assault of an eighteen-month-old infant. The other pled no contest to sexual assault in the first degree of one nine-year-old child and sexual assault in the second degree of another nine-year-old child. This outcome is not only troubling but also clearly contrary to the intent of the Act, which is "to assist law-enforcement agencies' efforts to protect the public from sex offenders by requiring sex offenders to register with the State Police detachment in the county where he or she shall reside and by making certain information about sex offenders available to the public as provided in this article . . . . " W.Va. Code § 15-12-1a(a).

I write separately to urge the West Virginia Legislature to take note of the result in this case and to evaluate whether the Act should be amended to provide for registration by juvenile offenders in appropriate circumstances.